[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14369
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-61474-FAM

NATIONAL BUILDERS INSURANCE COMPANY,
f.k.a. Vinings Insurance Company,

Plaintiff-Appellant,

versus

RQ BUILDING PRODUCTS, INC.,
TOLL BROS., INC.,
c/o CT Corporation System
1200 South Pine Island
Plantation, FL 33324,
HARRIS KREICHMAN,
LORI KREICHMAN,
MATTHEW KREICHMAN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 24, 2018)

Before MARTIN, JILL PRYOR and BLACK, Circuit Judges:

PER CURIAM:

Appellant National Builders Insurance Company (National Builders) appeals the district court's order staying its declaratory judgment action[1] as to its duty to defend and indemnify RQ Building Products and Toll Bros., Inc. in an underlying state court action.  After National Builders filed its declaratory judgment action, Appellees Harris Kreichman, Lori Kreichman, Matthew Kreichman, and Michael Kreichman (collectively, the Kreichmans) moved to stay the declaratory judgment action pending resolution of the underlying state court action.  The Kreichmans argued the duty to indemnify is triggered only if the allegations in the underlying state court complaint are meritorious, and therefore it would be premature to determine the duty to indemnify before liability is established. The Kreichmans made no argument regarding the duty to defend.  The district court stayed the entire case—which it described as "a declaratory judgment action to determine the insurer's duty to indemnify"—pending resolution of the underlying state court action.  National Builders appealed.

---

[1] "[A] district court's order staying federal proceedings in favor of pending state litigation is a 'final decision' appealable under 28 U.S.C. § 1291." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 280-81 (1995) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983) (alteration omitted)).  A district court's stay of a declaratory judgment action is reviewed for abuse of discretion. *Id.* at 289-90.

Importantly, National Builders does not contend the entry of the stay as to the duty to indemnify was improper.  Rather, National Builders asserts the district court abused its discretion by also staying the determination of National Builders' duty to defend, noting the district court never mentioned the duty to defend in its order.

As "[t]he duty to defend is separate and apart from the duty to indemnify," *Trizec Props., Inc. v. Biltmore Constr. Co.*, 767 F.2d 810, 812 (11th Cir. 1985), the district court should have separately addressed the duty to defend issues.  We affirm the district court's stay of the case as to National Builders' duty to indemnify, but reverse and remand for further proceedings as to its duty to defend.

**AFFIRMED IN PART and REVERSED AND REMANDED IN PART.**